Ryan GRIFFITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A05–0206–CR–255.

Court of Appeals of Indiana.

July 10, 2003.

■■■■■■■■■■■■■

Timothy J. O'Connor, O'Connor & Auersch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Once again, this court has been called upon to determine whether a juvenile court appropriately waived a minor to adult criminal court. In what appears to be a matter of first impression, we are presented the issue of what offenses may be waived to adult court under the provisions of Indiana Code § 31–30–3–4 (Burns Code Ed. Repl.1997).

Ryan Griffith appeals from his convictions[1] for theft as a Class D felony,[2] carrying a handgun without a license, a Class A misdemeanor,[3] and two counts of criminal confinement as Class B felonies.[4] As stated by both Griffith and the State, the issue presented for our review is whether the Marion Superior Court had jurisdiction over all of the offenses which were included in a petition alleging Griffith's delinquency.

The record reveals that on August 15, 2000, Griffith, a fifteen-year-old boy, had taken his father's handgun with the intention of committing suicide.[5] Griffith's friends learned that he intended to kill himself and convinced him to take the handgun back home. However, upon returning home, Griffith feared that he would be punished by his father because he had broken the lock to get into his father's bedroom to take the handgun. Once again, Griffith decided that he would have to commit suicide or run away. He packed a few of his belongings and went to Thatcher Park where he laid down on a bench contemplating suicide. Griffith testified that he "chickened out" of committing suicide. Transcript at 240. Then, as he sat on the bench, he saw David Whitlock and Wendy England pull into the parking lot in David's Chevy Cavalier.

Griffith approached them as they sat at a picnic table and ate. He asked them for a cigarette and David retrieved one from his car. After making some small talk with them, Griffith pulled the handgun out and pointed it at Wendy and David and told them that he needed the keys to the car. David gave him the keys and he and Wendy raised their hands and began to walk toward a fence just as Griffith had ordered. However, as they walked, David and Griffith began to struggle and David was shot in the chest. Nonetheless, David was able to acquire the handgun and fired

---

1. Griffith was found guilty of felony murder and robbery, but the trial court vacated the robbery conviction as "merged" into the felony murder conviction. Griffith does not challenge the trial court's jurisdiction to try him for those crimes as an adult.

2. Ind.Code § 35–43–4–2 (Burns Code Ed. Repl.1998).

3. Ind.Code § 35–47–2–1 (Burns Code Ed. Repl.1998).

4. Ind.Code § 35–42–3–3 (Burns Code Ed. Supp.2002).

5. Griffith's date of birth, as established by the pre-sentence investigation report is May 8, 1985. Therefore, Griffith is 18 at the time of this decision.

one shot which hit Griffith. David subsequently died as a result of his gunshot wound.

The juvenile court originally had jurisdiction over Griffith. The State petitioned the juvenile court to waive jurisdiction over Griffith based upon the consideration that he was charged with an act which would be murder if committed by an adult and that he was over ten years of age at the time the act was committed. *See* I.C. § 31–30–3–4. After conducting a hearing, the juvenile court waived jurisdiction of all six counts with which Griffith had been charged. Griffith waived his right to a jury trial and was found guilty of all six counts by the trial court.[6]

■■■ Jurisdiction is the legal power of a court to conduct a proceeding or other matter. *Twyman v. State*, 459 N.E.2d 705, 707 (Ind.1984). There are three types of jurisdiction: (1) subject matter jurisdiction, (2) jurisdiction of the person, and (3) jurisdiction of the particular case. *Id.*

■■■ Subject matter jurisdiction concerns whether or not the particular court has jurisdiction over the general class of actions to which the particular case belongs. *Id.* Subject matter jurisdiction must be derived from the Constitution or statute and cannot be conferred by the consent or agreement of the parties. *Id.* An objection to subject matter jurisdiction cannot be waived. *Id.*

■■■ Jurisdiction of the person refers to the right of the court to exercise jurisdiction over the particular parties who are brought before the court. *Id.* Objections to jurisdiction of the person may be waived by failure to assert them in a timely manner. *Id.*

■■■ Jurisdiction of the particular case refers to the right, authority, and power to hear and determine a specific case within a certain class of cases over which a court has subject matter jurisdiction. *State v. Willits*, 773 N.E.2d 808, 812 (Ind.2002). Failure to object to the trial court's jurisdiction of the particular case may result in waiver of the objection. *See id.*

The parties in this case both approach their respective arguments under the assumption that the issue in question is subject matter jurisdiction. Unfortunately, while both this court and our Supreme Court have made concerted efforts to clear up the confusion surrounding jurisdiction issues over juveniles, such efforts, we believe, have not been totally successful. Indeed, in *Twyman*, our Supreme Court noted that juvenile jurisdiction is a confused area of the law. 459 N.E.2d at 707. Therefore, rather than assuming that the only issue before us is one of subject matter jurisdiction, as Griffith and the State allege, we feel that it is necessary to once again take an in-depth look at jurisdictional issues when juveniles are involved.

**6.** Before trial, Griffith filed a motion seeking the dismissal of the charges against him in criminal court because he believed that the trial court did not have jurisdiction over him. To support his claim that the trial court lacked jurisdiction, he asserted that the record of the waiver proceedings could not assure the trial court that he received due process. That motion was denied. Before the trial began, Griffith renewed his objection to the trial court's jurisdiction. At that time, he did not explain the grounds upon which he

was challenging the trial court's jurisdiction, except to mention that there had been "an ongoing disagreement with the Court about the Court's jurisdiction in this case." Transcript at 11. The trial court overruled the objection.

The State has not asserted in its brief that Griffith has waived his argument in regard to the jurisdiction of the trial court. Therefore, we deem the objection sufficient to avoid waiver and we will address the merits of the issue Griffith has brought before us.

According to I.C. § 31–30–3–4, upon motion by the prosecuting attorney and after conducting a hearing, the juvenile court shall waive jurisdiction of an individual if it finds that the child is charged with an act which would be murder if committed by an adult, there is probable cause to believe that the child has committed the murder, and the child was at least ten years of age. The only restriction upon waiver is if the juvenile court finds that it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system. *Id.* Because Griffith was fifteen years old at the time that the murder occurred, the only other statutory section regarding waiver which could have been applicable in this case was Indiana Code § 31–30–3–2 (Burns Code Ed. Repl.1997). That section states that upon motion of the prosecutor and following a hearing, the juvenile court may waive jurisdiction if it finds that the child, who was at least fourteen years of age at the time the act was committed, is charged with an act which was heinous or aggravated or was part of a repetitive pattern of delinquent acts.[7] I.C. § 31–30–3–2.

In filing the motion seeking waiver, the prosecutor did not allege that the acts with which Griffith were charged were heinous or aggravated or that they were part of a repetitive pattern of delinquent acts. Neither did the juvenile court make findings which would support a waiver of jurisdiction according to the requirements of I.C. § 31–30–3–2. The grounds which the prosecutor alleged in seeking waiver, and the findings by the juvenile court in waiving jurisdiction of Griffith, rest solely upon the requirements of I.C. § 31–30–3–4. Therefore, in reviewing Griffith's claim, we

review the juvenile court's waiver from the standpoint of whether or not the requirements of I.C. § 31–30–3–4 were met.

In *Twyman,* our Supreme Court reviewed the jurisdictional statutes which were controlling at the time. The Court determined that the age of the offender was not a factor in the exercise of the criminal court's subject matter jurisdiction, but that age was a consideration for subject matter jurisdiction of a juvenile court. 459 N.E.2d at 708. In addition, the Court determined that the age of the offender was merely a restriction upon the personal jurisdiction possessed by the criminal court. *Id.* In reaching its decision, the Supreme Court noted that when a juvenile commits an act which would constitute a crime if he were an adult, he commits an act of delinquency, but he has also committed the elements of a crime. *Id.* With this consideration in mind, the Supreme Court focused upon the words of Ind.Code § 33–9–1–4 (Burns Code Ed. Repl.1975), which granted the Marion Criminal Court jurisdiction of *all crimes* and misdemeanors in determining that an adult criminal court had subject matter jurisdiction over a juvenile.

The applicable statute establishing jurisdiction of the Marion Superior Court, in which Griffith was tried and convicted as an adult, is Indiana Code § 33–5.1–2–4 (Burns Code Ed. Repl.1998). It establishes that the Marion Superior Court has original jurisdiction of *all violations of Indiana law.* No restriction on age is contained in the jurisdictional provision. Following the clear message of our Supreme Court in *Twyman,* this means that the Marion Superior Court had subject

---

7. In addition, the juvenile court must also find that there is probable cause to believe that the child committed the act, the child is beyond rehabilitation under the juvenile justice system, and it is in the best interests of the safety and welfare of the community that the child stand trial as an adult. I.C. § 31–30–3–2.

matter jurisdiction to try Griffith as an adult for all of the acts he allegedly committed because they were violations of Indiana laws.[8]

The State asserts that because the trial court had subject matter jurisdiction, once Griffith was waived to adult court, the juvenile court no longer had jurisdiction over any subsequent proceedings against him. The State reasons that this principle is supported by sound policy and illustrates the legislative intent underlying juvenile jurisdiction. We cannot agree with this principle.

There is little doubt that the trial court acquired personal jurisdiction over Griffith when the juvenile court waived him to adult court. Once Griffith was waived to adult court, the trial court had the power and right to exercise jurisdiction over *him. See Twyman,* 459 N.E.2d at 707. However, even though the trial court acquired personal jurisdiction over Griffith and has been granted subject matter jurisdiction over the types of acts which Griffith allegedly committed, it is possible that the trial court's subject matter jurisdiction may have been limited by statute. In other words, the trial court may not have acquired jurisdiction of the particular case over some or all of the offenses which Griffith challenges.

"Waiver of jurisdiction refers to an order of the juvenile court that waives the case to a court that would have jurisdiction had the act been committed by an adult. *Waiver is for the offense charged and all included offenses.*" Indiana Code § 31–30–3–1 (Burns Code Ed. Repl.1997) (emphasis supplied). The offense charged upon which the State sought waiver of Griffith to adult court was felony murder. As stated in the charging information, the murder was alleged to have occurred while Griffith was committing a robbery. Griffith does not challenge the trial court's jurisdiction to hear and decide the State's case against him regarding the crimes of felony murder and robbery. Nevertheless, Griffith asserts that I.C. § 31–30–3–1 precluded the trial court from hearing and deciding the allegations against him that he committed confinement, theft, and carrying a handgun without a license because they are not included offenses of the felony murder.

An "included offense" is defined as an offense that:

"(1) Is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) Differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission." Indiana Code § 35–41–1–16 (Burns Code Ed. Repl. 1998).

This definition is made applicable to the issue of waiver of juvenile jurisdiction through Indiana Code § 35–41–1–3 (Burns Code Ed. Repl.1998), which dictates that all of the definitions in that chapter apply to all statutes relating to penal offenses.

Part 2 of the definition of "included offense" is inapplicable in this case because there is no issue before us regarding the attempt to commit any crimes. Therefore, we focus upon parts 1 and 3 of the defini-

---

**8.** Lest there be any misunderstanding, this does not mean that a child has committed a criminal act. So long as the child remains before a juvenile court, the child has committed a delinquent act, not a criminal act.

tion. As previously stated, the charged offense upon which the State sought waiver was felony murder. The elements of felony murder are that Griffith killed Whitlock while committing the crime of robbery. *See* Ind.Code § 35–42–1–1 (Burns Code Ed. Supp.2002). The elements of robbery which the State were required to prove were: (1) Griffith knowingly or intentionally, (2) took property from Whitlock, (3) by using or threatening the use of force, (4) while armed with a deadly weapon, and (5) which resulted in serious bodily injury to Whitlock. *See* Ind. Code § 35–42–5–1 (Burns Code Ed. Repl. 1998).

To prove the charge for theft, the State was required to prove that: (1) Griffith knowingly or intentionally, (2) exerted unauthorized control over the property of Paul Griffith, (3) with the intent to deprive Paul Griffith of its use.[9] *See* I.C. § 35–43–4–2. A quick review of parts 1 and 3 of the definition of "included offense" indicates that the theft charge was not a lesser included offense of the felony murder. In proving the elements of felony murder, the State could not have proved the theft because the theft charge was for an action wholly separate from the robbery charge supporting the felony murder. The crimes did not involve the same people or items and proving the elements of felony murder would not establish the commission of the theft.

To prove the charge of carrying a handgun without a license, the State had to prove the elements of that crime: (1) that Griffith carried a handgun, (2) on his person, and (3) in a place not his dwelling or

fixed place of business. *See* I.C. § 35–47–2–1; *Washington v. State,* 517 N.E.2d 77, 79 (Ind.1987). Carrying a handgun without a license is not an included offense of felony murder. That Griffith would not have been in his dwelling or place of business is not an element that would be proven through the elements of the felony murder. Likewise, carrying a handgun without a license does not differ from felony murder only in the respect that it involved a less serious risk of harm to the same person, property, or public interest, or involved a lesser culpability.

The elements of the crime of criminal confinement which had to be proved by the State were: (1) Griffith knowingly or intentionally, (2) removed another person by fraud, enticement, force, or threat of force, (3) from one place to another, (4) while armed with a deadly weapon.[10] *See* I.C. § 35–42–3–3. Based upon these elements of the crime, criminal confinement is not a lesser included offense of felony murder arising out of robbery.[11] The proof of the elements of felony murder would not establish the commission of the crimes of criminal confinement which Griffith was alleged to have committed. In addition, criminal confinement does not differ from felony murder only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Based upon these considerations, we conclude that the trial court was without jurisdiction of the particular case to hear and decide the charges against Griffith of theft, carrying a handgun without a li-

---

**9.** This allegation relates to Griffith's taking of his father's handgun.

**10.** The two separate charges of criminal confinement involved two different victims, i.e. David Whitlock and Wendy England.

**11.** The robbery which consisted of the forcible taking of Whitlock's car keys was separate and distinct from the subsequent act of forcing Whitlock and Wendy England at gunpoint to walk toward the fence.

cense, and criminal confinement. While the trial court had subject matter jurisdiction over those acts because they are violations of Indiana law, and acquired personal jurisdiction over Griffith when he was waived to adult court because of the felony murder charge, the legislature has limited the ability of juvenile courts to waive certain alleged acts to trial courts.

That a trial court would not acquire jurisdiction over every allegation pending against a juvenile following a waiver of the juvenile to adult court is not a novel idea having no support in the case law. In *Carter v. State*, 711 N.E.2d 835, 840 (Ind. 1999), our Supreme Court, in discussing the trial court's use of aggravating circumstances in sentencing, noted that allegations of kidnapping, confinement, and child molesting were filed against a juvenile along with the allegation of murder in juvenile court but that only the murder charge was waived to adult court. The Supreme Court cited I.C. § 31–30–3–4 as authority for that procedure but did not explain how or why the waiver of only the murder charge was proper.

The judgment of the trial court is affirmed in part and reversed in part. The convictions for theft, carrying a handgun without a license, and criminal confinement are void for lack of jurisdiction. The trial court is ordered to vacate the convictions for those three charges and to amend the sentencing order to reflect such changes as necessary. This cause is remanded to the juvenile court to conduct further proceedings not inconsistent with this opinion.[12]

DARDEN, J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

I respectfully dissent from the majority's holding that "the trial court was without jurisdiction of the particular case to hear and decide the charges against Griffith of theft, carrying a handgun without a license, and criminal confinement." Op. at 240. Specifically, because the majority erroneously construes our statute regarding waiver of juvenile cases to adult court, because the majority ignores an inherent finding that commitment to the juvenile justice system is not in Griffith's best interest, and because judicial economy is best served by either retaining jurisdiction over all counts or waiving all counts, I would affirm Griffith's convictions.

I. Severance of Counts

The majority interprets our juvenile waiver statute, Indiana Code section 31–30–3–1, as prohibiting the waiver of non-included offenses to adult court. Specifically, the majority avers that because theft, carrying a handgun without a license, and criminal confinement are not offenses included within the definitions of felony murder and robbery, the trial court was without jurisdiction over these crimes. *Id.*

---

**12.** We understand that on the surface and as opined in Judge Baker's dissent, this decision appears to duplicate judicial action and waste an inordinate amount of judicial resources. However, the process of conducting both a criminal proceeding and a juvenile delinquency proceeding is required by statute and evinces a decision by our legislature that some actions by juveniles most properly remain within the juvenile court system. If a change is to be made in this regard, it should not come about by judicial legislation but rather by our General Assembly. In addition, because of the age of Griffith, we recognize that there may be little that the juvenile court can do in this case. In any event, Griffith has been sentenced to serve fifty-five-years incarceration upon the conviction for felony murder, and it is likely that any additional proceedings would have a negligible effect upon Griffith.

I first note that the language of our statute that defines waiver of jurisdiction reads as follows:

> Waiver of jurisdiction refers to an order of the juvenile court that waives the case to a court that would have jurisdiction had the act been committed by an adult. Waiver is for the offense charged and all included offenses.

Ind.Code § 31–30–3–1. The first sentence notes that it is *the case* that is waived to adult court. The statute is devoid of language allowing for the severance of charges.[13] Yet, the majority's opinion infuses the statute with just such a meaning.

Moreover, the majority seemingly ignores the deference that we typically afford to juvenile courts when such courts—as in this case—decide to waive jurisdiction over a juvenile. Juvenile courts are in a far better position to determine whether charges should be tried in adult court because of the specific circumstances *of that juvenile's case*. *Tapia v. State*, 753 N.E.2d 581, 585 (Ind.2001) (holding that the trial court "is given discretion to act on an issue when it is in a better position than an appellate court to evaluate the factual context surrounding the issue"). The result of the majority's opinion is a cookie-cutter approach that disregards the juvenile court's superior position. In my view, the juvenile court was correct in refusing to sever the charges upon making the determination that rested within its discretion to waive Griffith's case to adult court.

## II. Inherent Juvenile Court Finding

I would also note that the majority ignores an important implied finding of the juvenile court. Specifically, the majority ignores the fact that inherent in a waiver to adult court is a finding that the juvenile defendant is beyond the assistance of the juvenile justice system.

Indiana Code section 31–30–3–4, the juvenile waiver statute for a child charged with murder, reads:

> Upon motion of the prosecuting attorney and after full investigation and hearing, the juvenile court shall waive jurisdiction if it finds that:
>
> (1) the child is charged with an act that would be murder if committed by an adult;
>
> (2) there is probable cause to believe that the child has committed the act; and
>
> (3) the child was at least ten (10) years of age when the act charged was allegedly committed;
>
> *unless it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system.*

(emphasis added). Thus, when a waiver occurs, the juvenile court necessarily determines that it is in the juvenile's best interest—and in the interest of the community—that the juvenile *not* remain within the juvenile justice system. In essence, the judge is satisfied that the tools given to the juvenile court are not adequate to reform the offender.

Here, Griffith held two victims at gunpoint, took possession of a vehicle through threat of force, and murdered David Whitlock. Inherent in the trial court's waiver of jurisdiction was a finding that it is in Griffith's best interest—and that of the community—to be removed from the juvenile justice system. In a Kafkaesque step, the majority's decision to reverse the trial court and keep Griffith's theft, carrying a

---

13. In contrast, Indiana Code section 35–34–1–11(a) provides a specific framework for the severance of criminal charges.

handgun without a license, and criminal confinement charges in juvenile court actually results in committing Griffith to a system where the trial court found that his best interests will not be met.

### III. Judicial Economy

The majority admits that its decision "duplicate[s] judicial action and waste[s] an inordinate amount of judicial resources." Op. at 241 n. 12. The majority then moves to trivialize this fact by stating that because Griffith received a fifty-five year sentence for murder, "any additional proceedings would have a negligible effect upon Griffith." *Id.*

The short shrift given to judicial economy by the majority's opinion notwithstanding, we note that the importance of judicial economy cannot be understated. In 2001, the latest year for which statistics are available, 25,547 juvenile delinquency petitions were filed in our circuit and superior courts, an increase of nearly 60% since 1992. *2001 Indiana Judicial Report,* Supreme Court of Indiana, 69. At the same time, the number of circuit, superior, and county court judges increased only from 264 to 298, a 13% increase. *Id.* at 110; *1992 Indiana Judicial Service Report,* Supreme Court of Indiana, 94. Thus, the "bifurcation" foisted on juvenile and trial courts by the majority will undoubtedly place further strain on our judicial system. Henceforth, both a juvenile and trial court will have to listen to the same witnesses, view the same evidence, and consider the same arguments made by counsel when a single trial court could easily handle these tasks. To me, such a posture surely amounts to a waste of taxpayer dollars and contributes to the strain upon our judicial resources. This being said, I would affirm the trial court.