**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**AMY KAROZOS**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana



FILED
May 28 2014, 9:36 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE TERMINATION OF  )
THE PARENT-CHILD RELATIONSHIP OF:  )
                                    )
S.S., (Minor Child),                )
                                    )
And                                 )
                                    )
S.S., (Mother),                     )
                                    )
    Appellant-Respondent,           )
                                    )
    vs.                             )    No. 49A02-1309-JT-784
                                    )
THE INDIANA DEPARTMENT OF           )
CHILD SERVICES,                     )
                                    )
    Appellee-Petitioner.            )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Larry Bradley, Magistrate
The Honorable Marilyn Moores, Judge
Cause No. 49D09-1302-JT-7136

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issue

S.Y.S. ("Mother") appeals the trial court's order denying her motion for relief under Indiana Trial Rule 60(B) and involuntarily terminating her parental rights as to her child, S.S. Mother raises the following issue for our review: whether the trial court's decision was an abuse of discretion. Concluding the trial court did not abuse its discretion, we affirm.

Facts and Procedural History

Mother gave birth to S.S. on July 31, 2011. S.S. was born cocaine positive. Immediately after S.S. was born, the Department of Child Services ("DCS") removed S.S. from Mother's care and filed a petition alleging S.S. was a child in need of services ("CHINS"). DCS had a number of concerns, including Mother's lack of stable and appropriate housing, untreated mental health issues, and drug abuse. DCS also expressed concern because Mother had prior CHINS cases involving two other children that resulted in adoption. At a pre-trial hearing, Mother admitted to using cocaine and marijuana during her pregnancy and that S.S. tested positive for cocaine at birth.

On September 14, 2011, a hearing was held and the trial court issued its dispositional order. The order required, among other things, that Mother (1) maintain regular contact with a DCS family case manager; (2) keep appointments with service

2

providers and DCS; (3) maintain appropriate housing; (4) secure stable and legal income; (5) participate in home-based counseling; (6) complete a substance abuse assessment and any service related to substance abuse issues; and (7) submit to random drug screens. The court's primary goals were to remedy conditions of instability and untreated mental health and substance abuse issues.

Mother was referred to services for the purpose of addressing her substance abuse and mental health issues, but Mother failed to follow through with or complete any of those services. Mother's participation in services was erratic, as Mother refused to meet with providers or failed to keep appointments. A DCS case manager suggested that Mother participate in in-patient substance abuse treatment. Mother refused to participate, believing that she did not need substance abuse treatment. Mother's compliance with random drug screens was inconsistent. Mother tested positive for marijuana in September and December of 2011 and gave at least one diluted sample in November 2011. After December 2011, Mother failed to participate in ten random drug screens, and she was eventually discharged from that program due to her noncompliance. Mother failed to obtain any mental health treatment and even denied having mental health issues after previously reporting that she has bipolar disorder.

On February 20, 2013, a hearing was held at which the trial court determined it was in the child's best interests to change the permanency plan from reunification to adoption. Mother failed to attend that hearing. DCS filed a petition to terminate Mother's parental rights on February 25, 2013.

On July 23, 2013, an evidentiary hearing was held on the petition to terminate parental rights. Mother failed to attend that hearing, but her counsel was present.

3

Mother's attorney requested a continuance, to which the State and the guardian ad litem objected. The trial court denied the motion for continuance. The State presented evidence of Mother's failure to participate in services or to remedy the issues that led to the CHINS proceedings. At the close of that hearing, the trial court indicated that it intended to grant the State's petition to terminate and enter a written order to that effect.

On July 24, 2013, Mother filed a motion for relief from judgment under Indiana Trial Rule 60(B). That motion asserted that Mother failed to attend the hearing due to mistake or excusable neglect and requested the trial court set a new termination hearing. On August 13, 2013, a hearing was held on Mother's Rule 60(B) motion. Mother claimed that she confused court dates between two cards she was given by the trial court, which was the reason she did not show up for the termination hearing. The trial court also allowed Mother to give testimony regarding evidence she would have submitted if she had been present at the termination hearing. Mother testified that she had attended a total of fifteen meetings for Alcoholics Anonymous or Narcotics Anonymous since June 2013. She also revealed that she was pregnant. Her only source of income was Social Security disability benefits, and she was currently living with her grandmother.

On August 22, 2013, the trial court entered two written orders. The first was an order terminating the parent-child relationship between Mother and S.S. The second order denied Mother's Rule 60(B) motion. Specifically, the court's order on Mother's Rule 60(B) motion found (1) that Mother's reason for missing the hearing date was not credible when compared to date cards issued by the trial court and (2) that Mother's evidence was not a meritorious defense to the evidence leading to the termination of her parental rights in S.S. Mother now brings this appeal.

4

## Discussion and Decision

### I. Termination of Parental Rights

#### A. Standard of Review

A decision to terminate parental rights is reviewed with great deference. In re J.C., 994 N.E.2d 278, 283 (Ind. Ct. App. 2013). We will neither reweigh evidence nor judge the credibility of witnesses, and we consider only the evidence and reasonable inferences favorable to the judgment. Id.

In this case, the trial court issued findings of fact and conclusions of law. We apply a two-tiered standard of review: (1) we determine whether the evidence supports the findings of fact and (2) whether the findings support the judgment. In re G.Y., 904 N.E.2d 1257, 1260 (Ind. 2009). The trial court's findings or judgment will be set aside only if they are clearly erroneous. Id. A finding of fact is clearly erroneous if the record lacks evidence or reasonable inferences from the evidence to support it. Id.

Indiana Code section 31-35-2-4 sets out what must be proven in order to terminate parental rights. The State must prove each element by clear and convincing evidence. In re G.Y., 904 N.E.2d at 1261. If a juvenile court determines that the allegations required by Indiana Code section 31-35-2-4 are true, then the court will terminate the parent-child relationship. Ind. Code § 31-35-2-8(a).

#### B. Termination of Mother's Parental Rights

Mother's argument on appeal focuses on the trial court's decision to deny her Rule 60(B) motion. However, her appellate brief indirectly claims that the trial court's decision to terminate her parental rights was also erroneous. We do not agree. The State

presented sufficient evidence at the termination hearing to terminate Mother's parental rights, and the trial court's order on that point is not clearly erroneous.

For a span of approximately a year and one-half until the permanency plan was changed from reunification to adoption, Mother failed to complete a single service referred to her by DCS. More importantly, the trial court found that Mother failed to make any serious effort to participate in those services or address her issues of drug abuse, mental illness, and unstable housing. Mother's brief does not point to any finding or conclusion by the court that she believes is clearly erroneous, and it appears that each element necessary to terminate Mother's parental rights was supported by the evidence. Viewing the evidence most favorably to the trial court's decision, we find no clear error in the trial court's order.

## II. Mother's Trial Rule 60(B) Motion

### A. Standard of Review

Mother's principal argument on appeal is her challenge to the trial court's denial of her Rule 60(B) motion and declining to hold a second termination hearing. A grant or denial of a motion for relief from judgment is within the sound discretion of the trial court, and thus we will reverse only if there has been an abuse of that discretion. State v. Willits, 773 N.E.2d 808, 811 (Ind. 2002). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances. Id.

### B. Denial of Mother's Motion

Mother argued she was entitled to relief from judgment because her absence from the termination hearing was a product of "mistake, surprise, or excusable neglect." See Indiana Trial Rule 60(B)(1). Specifically, Mother claimed that she mixed up the dates

and times of two different hearings, believing the termination hearing was set for 10 a.m., and that was the reason she did not show up for the termination hearing. Mother submitted two hearing date cards to the court: one was for the termination hearing, which displayed the correct date and time (July 23 at 8:30 a.m.); the second card showed hearings scheduled for June 5 at 9:30 a.m. and June 7 at 8:30 a.m. The trial court determined that Mother's testimony did not match up with her court date cards and that her reason for missing the termination hearing was not credible.[1] Given our standard of review, we find no error in this determination.

Trial Rule 60(B) also requires the movant to make a showing of a "meritorious claim or defense" when the motion is based on a claim of mistake or excusable neglect. T.R. 60(B). The movant must show that "if the case was retried on the merits, a different result would be reached." In re K.E., 812 N.E.2d 177, 180 (Ind. Ct. App. 2004) (citation omitted), trans. denied. The trial court concluded Mother failed to make an adequate showing in that regard. Mother testified that she had attended a total of fifteen meetings for Alcoholics Anonymous or Narcotics Anonymous since June 2013; she was collecting Social Security disability benefits; and she was currently living with her grandmother. While these circumstances may have been evidence of some improvement, Mother's efforts were not made until the eleventh hour. Moreover, any alleged improvement made by Mother came after nearly two years of her nonparticipation in services. It is within the trial court's discretion to "disregard the efforts Mother made only shortly before termination and to weigh more heavily Mother's history of conduct prior to those

---

[1] In addition to the correct court date card, the State points out that Mother was also informed of the time and date of the termination hearing by a notice letter and during a pretrial hearing on June 7, 2013.

efforts." In re K.T.K., 989 N.E.2d 1225, 1234 (Ind. 2013) (citation omitted). In light of the evidence submitted at the termination hearing and Mother's lack of participation throughout the majority of the proceedings, we cannot say the trial court's decision was an abuse of discretion.

## Conclusion

Concluding the trial court did not abuse its discretion by denying Mother's Trial Rule 60(B) motion and terminating her parental rights, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.