

# IN THE
# Court of Appeals of Indiana

Edward Helvie, Jr.,

*Appellant-Defendant*



FILED

Dec 10 2024, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

State of Indiana,

*Appellee-Plaintiff*

---

December 10, 2024

Court of Appeals Case No.
24A-CR-1441

Interlocutory Appeal from the Cass Superior Court

The Honorable James Muehlhausen, Judge

Trial Court Cause No.
09D01-2301-F6-21

---

**Opinion from Judge Bradford**
Judges Bailey and Foley concur.

**Bradford, Judge.**

# Case Summary

The State has charged Edward Helvie, Jr., with several crimes and alleged that he is a habitual offender. In April of 2024, Helvie attempted to plead guilty to one of the charges against him without entering into a plea agreement. After the State objected, and the trial court denied Helvie's request. The trial court certified the issue for interlocutory appeal, and we accepted jurisdiction. Helvie contends that the trial court should have had the discretion to allow him to plead guilty to fewer than all of the charges against him without the State's consent, while the State argues that Indiana Rule of Criminal Procedure 3.3(C)(1), which became effective on January 1, 2024, does not allow a trial court such discretion. We affirm.

# Facts and Procedural History

On January 12, 2023, the State charged Helvie with Level 6 felony methamphetamine possession, Level 6 felony maintaining a common nuisance, Class A misdemeanor domestic battery, Class A misdemeanor interference with the reporting of a crime, and Class C misdemeanor paraphernalia possession and alleged that he is a habitual offender. On April 25, 2024, Helvie attempted, without a plea agreement, to plead guilty to domestic battery and proceed to trial on the remaining charges. The State objected on the basis that Criminal Rule 3.3(C)(1) prevents a defendant from pleading guilty to fewer than all of the charges against him in the absence of a plea agreement. On May 9, 2024, the trial court denied Helvie's request to plead guilty to fewer than all of the charges

against him.  The trial court certified the matter for interlocutory appeal, and we accepted jurisdiction.

## Discussion and Decision

[3]  Helvie contends that the trial court had the discretion to accept his guilty plea to a subset of the charges against him, while the State argues that it did not.  To dispose of this claim, we must evaluate the provisions of Criminal Rule 3.3(C)(1), which has not been done by an Indiana appellate court.

> When construing a statute, our primary goal is to ascertain the legislature's intent.  *Walczak v. Labor Works–Ft. Wayne LLC*, 983 N.E.2d 1146, 1154 (Ind. 2013).  To discern that intent, we look first to the statutory language and give effect to the plain and ordinary meaning of statutory terms.  *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015).  Where the language is clear and unambiguous, there is "no room for judicial construction."  *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 704 (Ind. 2002).

*Jackson v. State*, 50 N.E.3d 767, 772 (Ind. 2016).

[4]  Criminal Rule 3.3(C)(1) provides, in part, that a "defendant may plead guilty to all charged offenses without a plea agreement or to at least one of the charged offenses pursuant to a plea agreement negotiated with the state."  The rule does not specifically address a situation where, as here, the defendant wishes to plead guilty to fewer than all of the charges absent an agreement with the State.  *Id.*  Helvie would have us interpret this omission as permissive.  It is well-settled, however, that "[w]hen certain items or words are specified or enumerated in a statute then, by implication, other items or words not so specified or enumerated are excluded."  *State v. Willits*, 773 N.E.2d 808, 813 (Ind. 2002)

(citations omitted). Consequently, Criminal Rule 3.3(C)(1)'s failure to mention the scenario presented by this case means that it is excluded, not permitted.

We affirm the judgment of the trial court.

Bailey, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana