STATE of Indiana, Appellant–Plaintiff,

v.

D.B., Appellee–Defendant.

No. 02A04–0410–CR–563.

Court of Appeals of Indiana.

Dec. 30, 2004.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Jeffrey G. Raff, Fort Wayne, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, the State of Indiana, appeals the trial court's dismissal of Count I, intimidation, Ind.Code § 35–45–2–1, an act which would be a Class D felony if committed by an adult, as charged to Appellee–Defendant, D.B.

We reverse and remand.

### ISSUE

The State raises one issue on appeal, which we restate as follows: whether the trial court's dismissal of the intimidation charge against D.B. on jurisdictional grounds was erroneous when the charge was connected to the carjacking charge already pending against the juvenile defendant.

### FACTS AND PROCEDURAL HISTORY

In December of 2003, the State filed an information in the Allen county superior court (trial court), charging D.B., born on May 18, 1987, with Count I, carjacking, I.C. § 35–42–5–2, an act which would be a Class B felony if committed by an adult. On March 3, 2004, while in detention and awaiting trial, D.B. phoned Renee Richard (Richard), one of the State's witnesses. During this phone conversation, D.B. threatened to kill Richard if she testified against him in the carjacking charge. On May 28, 2004, the State filed a separate information in the trial court, charging D.B. with Count I, intimidation, I.C. § 35–45–2–1, an act which would be a Class D felony if committed by an adult.

On June 17, 2004, D.B. filed a Motion to Dismiss the intimidation charge. On July 19, 2004, the State filed its Response to the Motion to Dismiss. On July 26, 2004, the trial court entered its Order, dismissing Count I, intimidation, finding in pertinent part:

1) That [D.B.'s] date of birth is May 18, 1987;

2) That in December of 2003, D.B. was charged with [c]arjacking, a Class B felony.... The [j]uvenile [c]ourt does not have jurisdiction over that offense under I.C. § [31–30–1–4(a)(6) ] if the alleged perpetrator is over the age of 16 years;

3) That this cause was filed on [May 28, 2004];

4) That there is nothing in the record to indicate that the [j]uvenile [c]ourt has waived jurisdiction over [D.B.] in this cause or any other cause;

5) That while there is a connection between this cause and [the carjacking charge], the nexus is not sufficient to allow joinder;

(Appellant's App. p. 24).

The State now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

The State contends that the trial court erred, as a matter of law, by dismissing the intimidation charge filed against D.B. in the Allen county superior court. Specifically, the State claims that the intimidation charge and the carjacking charge are based upon a series of acts connected

together pursuant to the joinder statute, I.C. § 35–34–1–9(a)(2). As a result, the State maintains that the juvenile court is without jurisdiction to hear the intimidation charge and, thus, the charge was properly filed in the trial court.

■■■ In resolving this issue, we note that when jurisdictional facts are not in dispute, the question of whether a lower court had jurisdiction is reviewed *de novo*. *Phares v. State*, 796 N.E.2d 305, 306–07 (Ind.Ct.App.2003). That is, no deference is afforded to the trial court's conclusion because appellate courts independently, and without the slightest deference to the trial court's determinations, evaluate those issues they deem to be questions of law. *Id.* at 307. Additionally, our juvenile courts are courts of limited jurisdiction and have subject matter jurisdiction only over those classes of cases that are authorized by statute. *Id.* More particularly, the jurisdiction of a juvenile court must be invoked properly by establishing the statutory jurisdictional prerequisites. *Id.*

■ In the instant case, the trial court established automatic jurisdiction, mandated by statute, over D.B. in the carjacking charge. Indiana Code section 31–30–1–4(a)(6) provides that:

> [The] juvenile court lacks jurisdiction over individuals at least 16 years old committing certain felonies; retention of jurisdiction by court having adult criminal jurisdiction.
>
> (a) the juvenile court does not have jurisdiction over an individual for an alleged violation of:
>
> . . .
>
> (6) I.C. § 35–42–5–2 (carjacking).

Subsection 12 of the same statute also stipulates that the juvenile court has no jurisdiction over "any offense that may be joined under I.C. § 35–34–1–9(a)(2) with any crime listed in subdivisions (1) through (11)." In the instant case, the State relies on this joinder statute to support its argument that both the carjacking charge and the intimidation charge are so inextricably connected that the trial court retains jurisdiction over D.B. for both offenses. We note that although the State's brief contains extensive quotes from out-of-state case law, the State does not proffer, nor did our research reveal any Indiana case law on point.

At the outset, we acknowledge that both parties fail to recognize that I.C. § 35–34–1–10(b) is the applicable statutory provision regarding joinder of offenses that are charged in two or more indictments or informations. This statute provides that when a defendant has been charged with two or more offenses in two or more informations and the offenses could be joined under I.C. § 35–34–1–9(a)(2), the court upon motion of the defendant, the State, or on its own motion shall join these informations for trial. *See* I.C. § 35–34–1–10(b). Thus, in order to determine in the case at bar whether the trial court was required to grant D.B.'s motion to dismiss, we must decide whether the carjacking and the intimidation offense could have been joined in the same information under I.C. § 35–34–1–9(a)(2).

■ Indiana Code section 35–34–1–9(a)(2) permits joinder if the offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. Offenses may be sufficiently linked together under the statute if they are connected by a distinctive nature, linked by a common *modus operandi*, or if the same motive induced the criminal behavior. *Blanchard v. State*, 802 N.E.2d 14, 25 (Ind.Ct.App.2004).

Here, we find that D.B.'s carjacking charge and intimidation charge are sufficiently linked together to permit joinder of

the two informations. The record reveals that Richard is a State's witness in the carjacking charge against D.B. The evidence further reflects that while awaiting trial, D.B. called Richards from the Allen County Jail, threatening to kill her if she testified against him during trial. Thus, the act of intimidation clearly arose from the carjacking charge and is therefore part and parcel of the latter charge. Moreover, as both charges require most of the same evidence and witnesses, we conclude that the intimidation charge is inextricably linked to the carjacking charge.

We are unpersuaded by D.B.'s argument that the juvenile court should be granted the opportunity to waive jurisdiction over the intimidation charge since it is not one of the enumerated charges mandating automatic jurisdiction by the trial court. By enacting I.C. § 31–30–1–4, the legislature established specific instances where juvenile courts do not have jurisdiction when a juvenile is at least sixteen years of age. In this light, the statute evinces a strong legislative sentiment that a sixteen-year-old should be treated differently from a younger child and is, at least for these specific charges, deemed to be beyond the rehabilitation system instituted for youthful offenders within the juvenile justice system. *See Carter v. State,* 711 N.E.2d 835, 842 (Ind.1999).

As we recently stated in *Phares v. State,* 796 N.E.2d 305, 307 (Ind.Ct.App.2003), it is our opinion that when a child is waived from a juvenile court's jurisdiction based on the court's determination that the child is beyond rehabilitation within that system, the rehabilitative purpose of the juvenile courts is not furthered by requiring a juvenile court to consider repetitive motions to waive the child for subsequent offenses or to continue to hear cases within the juvenile justice system. We explained that the contrary view would result in a

cookie cutter approach and invite piecemeal prosecution that disregards the juvenile court's superior position to evaluate the specific circumstances of the case. *See id.* Although the *Phares* court dealt with the specific instance of a juvenile's waiver to the trial court, the argument holds true in the case of statutory retention of jurisdiction by the trial court pursuant to I.C. § 31–30–1–4. Once a trial court has established jurisdiction pursuant to I.C. § 31–30–1–4, the juvenile is deemed to be beyond rehabilitation for that specific offense. As a consequence, he must also be beyond rehabilitation for any offense that is connected to the original charge pursuant to I.C. §§ 31–30–1–4(a)(12) and 35–34–1–9(a)(2). Holding otherwise would make the language of I.C. § 31–30–1–4(a)(12), providing that the trial court has jurisdiction over joined offenses, superfluous and would result in additional strain on the judicial resources of the juvenile court since both a juvenile court and trial court will have to evaluate the same witnesses and view the same evidence.

We are equally unconvinced by D.B.'s speculative arguments that the State could have joined the offenses sooner or that D.B. could plead to a lesser charge, not enumerated in I.C. § 31–30–1–4. First, our supreme court has held before that the State is given the initial discretion to charge separate offenses in single or multiple informations. *See Seay v. State,* 550 N.E.2d 1284, 1287 (Ind.1990). Thus, the permissive language of the joinder statute operates only on those charges which have been filed prior to the commencement of the first trial and are amenable to be joined at that point in time. *See id.* Second, the hypothetical situation of pleading to a lesser charge is covered within the statute itself. Specifically, I.C. § 31–30–1–4(c) provides that the trial court shall retain jurisdiction over the case even if the juvenile pleads guilty to or is convicted of

a lesser included offense. Therefore, a plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court.

In sum, we conclude that D.B.'s intimidation charge filed in a separate information is inextricably connected to the carjacking charge pursuant to the joinder statute, I.C. § 35–34–1–9(a)(2). Therefore, we find that in accordance with I.C. § 31–30–1–4(a)(12), the trial court retains jurisdiction over D.B. with regard to both charges.

## CONCLUSION

Based on the foregoing, we find that the trial court erred by dismissing the intimidation charge against D.B. on jurisdictional grounds when the charge was connected to the carjacking charge already pending against the juvenile defendant pursuant to I.C. § 31–30–1–4(a)(12).

We reverse and remand to the trial court for further proceedings in accordance with this opinion.

CRONE, J., and ROBB, J., concur.