Zacharia TRUAX, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 67A01–0505–CR–221.

Court of Appeals of Indiana.

Nov. 6, 2006.

James R. Recker, Greencastle, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Zacharia Truax appeals his convictions for four counts of Attempted Murder,[1] a class A felony. Specifically, Truax contends that his convictions should be overturned because (1) he was tried in violation of Indiana Criminal Rule 4, (2) the trial court lacked personal jurisdiction or subject matter jurisdiction over his case, (3) the charging informations were defective, (4) the trial court committed reversible error when it allowed a written police report into evidence, and (5) the trial court erred in refusing to consider two proffered mitigating circumstances. Finding no error, we affirm the judgment of the trial court.

### FACTS

On the night of November 27, 2004, seventeen-year-old Truax became angry

1. Ind.Code § 35–42–1–1; Ind.Code § 35–41– 5–1.

with his mother, Deidre Truax, at their home in Putnam County. Deidre left the house and called 911 for assistance. When Putnam County Sheriff's Department Deputies Alan Bullington and Rick Cooper and Reserve Deputies Shane Cox and Ronnie Campbell arrived at the house, Truax fired shots at them with a handgun while standing on the front porch. The deputies returned fire and crouched behind their police vehicles for protection. Units from the Greencastle Police Department and the Indiana State Police responded to the scene to help with the standoff. Truax engaged the police in an eight-hour standoff and occasionally fired gunshots at the deputies from inside the residence. During the standoff, Indiana State Police Trooper Charles Sorrells negotiated with Truax over the telephone and attempted to end the standoff in a peaceful manner. During these conversations, Truax expressed his desire to die while killing the police officers. The Indiana State Police Emergency Response Team arrived, and as a result of Trooper Sorrells's negotiations, Truax surrendered and was arrested without further incident.

On November 30, 2004, the State filed a delinquency petition against Truax that alleged delinquent acts that would constitute attempted murder, attempted criminal recklessness with a deadly weapon, and dangerous possession of a firearm if committed by an adult. On the same date, the State filed a motion to waive juvenile jurisdiction. After a waiver hearing, the juvenile court granted the State's motion and waived jurisdiction over the case on December 28, 2004.

On December 20, 2004, the State charged Truax with class A felony attempted murder, class C felony attempted criminal recklessness with a deadly weapon, and class A misdemeanor dangerous possession of a firearm. On the same date, Truax filed a motion for a speedy trial. On January 1, 2005, and February 11, 2005, the State amended the charging informations and charged Truax with six counts of attempted murder.

At the pretrial conference on January 12, 2004, the trial court set a jury trial for February 9, 2005. On January 27, 2005, the trial court continued the jury trial to March 30, 2005, because of court congestion. Truax objected to the continuance on February 4, 2005, and the trial court denied his objection on February 8, 2005.

On March 15, 2005, Truax filed a motion to suppress statements that he made to the police. Following a suppression hearing on March 29, 2005, the trial court ruled that the motion was moot pursuant to an agreement between the parties. On March 27, 2005, Truax filed a motion to dismiss for violation of his speedy trial request, which the court denied on March 29, 2005. Also on March 29, 2005, Truax filed a motion to dismiss arguing that the trial court did not have personal or subject matter jurisdiction over the case. The trial court denied the motion on March 30, 2005.

A four-day jury trial began on March 29, 2005. The jury found Truax guilty of four counts of attempted murder and acquitted him of two counts of attempted murder. After a sentencing hearing on May 5, 2005, the trial court found no aggravating or mitigating circumstances. The court sentenced Truax to the presumptive thirty-year sentence for all four counts. It ordered three of the sentences to be served concurrently with each other, one of the sentences to be served consecutively to the others, and suspended twenty years of the total sentence, leaving Truax to serve an aggregate term of sixty years, twenty suspended. Truax now appeals.

## DISCUSSION AND DECISION

### I. Speedy Trial

■ Truax first argues that the trial court erred in denying his motion for discharge pursuant to Indiana Criminal Rule 4(B). In particular, Truax argues that he was denied his right to a speedy trial; therefore, his subsequent trial and conviction were in contravention of the law and the proper remedy is a discharge.

In resolving this issue, we note that the right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State*, 659 N.E.2d 548, 551 (Ind.1995). The provisions of Criminal Rule 4 implement a defendant's right to a speedy trial by establishing time deadlines by which trials must be held. *Collins v. State*, 730 N.E.2d 181, 182 (Ind.Ct.App.2000). Criminal Rule 4(B)(1) provides, in relevant part, as follows:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

■ A defendant must maintain a position reasonably consistent with his request for a speedy trial, and he must object—at the earliest opportunity—to a trial setting that is beyond the seventy-day time period. *Hill v. State*, 777 N.E.2d 795, 798 (Ind.Ct.App.2002). The Rule explicitly provides that court congestion is an exception to the seventy-day time period. Ind. Crim. R. 4(B)(1); *Paul v. State*, 799 N.E.2d 1194, 1197 (Ind.Ct.App.2003). A trial court's finding of congestion is presumed to be valid. *Logan v. State*, 836 N.E.2d 467, 474 (Ind.Ct.App.2005). A defendant may challenge the trial court's finding of congestion but he must demonstrate that the finding was factually or legally inaccurate. *Collins*, 730 N.E.2d at 183. It is the defendant's burden to present sufficient evidence that the finding of congestion was clearly erroneous. *Bridwell v. State*, 659 N.E.2d 552, 554 (Ind. 1995).

In reviewing a trial court's denial of a motion to discharge pursuant to Criminal Rule 4(B), we apply a clearly erroneous standard. *Paul*, 799 N.E.2d at 1197. We will not reverse the trial court's decision unless the defendant has made a showing of clear error that leaves us with a firm conviction that a mistake was made. *Id.*

Here, on December 20, 2004, Truax filed his motion for a speedy trial under Criminal Rule 4(B)(1). Therefore, the trial court had an affirmative duty to try Truax by February 28, 2005—the seventieth day. On January 12, 2005, the trial court set the jury trial for February 9, 2005. On January 27, 2005, the trial court, on its own motion, continued the trial date because of court congestion and reset the trial for March 30, 2005. Truax objected to the continuance on February 4, 2005. On February 8, 2005, the trial court denied Truax's objection:

> Due to the fact that the Court's calendar is particularly congested due to a change in the Judge and court personnel with the new Judicial term so that re-setting the trial in this cause could not be avoided. In addition, the Senior Judge is recuperating from knee surgery making long trials difficult even if the calendar permitted.

Appellant's App. p. 4. Truax did not respond to the trial court's ruling until

March 27, 2005, when he filed his motion to dismiss alleging that the trial court's calendar had not actually been congested on the date for which the trial had been set. The trial court denied Truax's motion to dismiss.

As evidence that the trial court's calendar was not congested, Truax presents chronological case summaries from four other cases that were before the trial court at the time Truax's case was scheduled to go to trial. Appellant's App. p. 131–49. Truax claims that these summaries, printed on October 17, 2005, demonstrate that there was no court congestion on February 9, 2005—his originally-scheduled trial date. Thus, Truax argues that the trial court's finding of court congestion was factually and legally inaccurate and his right to a speedy trial was violated. However, to determine whether a trial court's finding of congestion was accurate, it is necessary to view the trial court's calendar on the date that the court granted the trial continuance—here, January 27, 2005. *See Collins*, 730 N.E.2d at 184–85 (holding that testimony by a court reporter that no jury trial took place on defendant's scheduled trial date was not sufficient evidence of court's inaccurate finding of court congestion because defendant's evidence did not show that *on the date the trial court continued the trial* it appeared that there would be no congestion on defendant's scheduled trial date). To prove that the trial court's finding of court congestion was legally and factually inaccurate, Truax needed to present evidence, based on the trial court's January 27, 2005, calendar, that the trial court's calendar was not prospectively congested on February 9, 2005.[2] Truax did not present this evidence;

therefore, there is no evidence establishing that the trial court's February 9, 2005, calendar was not congested as it appeared on January 27, 2005. Truax's failure to present evidence that the trial court's finding of congestion was clearly erroneous results in the failure of his speedy trial claim.

Additionally, Truax argues that the trial court's justification that the court was "particularly congested" because of a change in "court personnel with the new Judicial term" and that "the Senior Judge is recuperating from knee surgery making long trials difficult even if the calendar permitted" are inappropriate grounds on which to grant a trial continuance. Appellant's App. p. 4. To the contrary, we find that these additional contentions are further support for the determination of court congestion. Thus, Truax's claim fails.

## II. Personal and Subject Matter Jurisdiction

Truax next argues that the trial court did not have personal or subject matter jurisdiction over his case because the juvenile court improperly waived him to the trial court. Thus, Truax contends that the juvenile court did not have jurisdiction over him or his case; therefore, it could not validly waive its nonexistent jurisdiction, which renders the trial court's subsequent trial and judgment were null and void as a matter of law.

When jurisdictional facts are not in dispute, the question of whether a trial court had jurisdiction is reviewed de novo. *State v. D.B.*, 819 N.E.2d 904, 906 (Ind.Ct. App.2004). Subject matter jurisdiction concerns whether or not the particular

---

**2.** In his reply brief, Truax makes the bare assertion that he attempted to obtain the court's calendar as it appeared on January 27, 2005, but that the Putnam Circuit Court clerk informed him that the desired calendar could not be obtained because "it is not archived and kept electronically." Appellant's Reply Br. p. 5. However, Truax presents no evidence to support this assertion.

court has jurisdiction over the general class of actions to which the particular case belongs. *Griffith v. State*, 791 N.E.2d 235, 237 (Ind.Ct.App.2003). Subject matter jurisdiction must be derived from the Constitution or statute and cannot be conferred by the consent or agreement of the parties. *Id.* An objection to subject matter jurisdiction cannot be waived. *Id.* Jurisdiction of the person refers to the right of the court to exercise jurisdiction over the particular parties who are brought before the court. *Id.* Objections to jurisdiction of the person may be waived by failure to assert them in a timely manner. *Id.*

A juvenile court has original jurisdiction over proceedings in which a child is alleged to be delinquent. Ind.Code § 31–30–1–1. Truax argues that pursuant to Indiana Code section 31–30–1–4, which exempts certain crimes from the jurisdiction of the juvenile court, the juvenile court did not have subject matter jurisdiction because Truax was seventeen years old at the time of the police standoff and was charged with the dangerous possession of a firearm—a crime explicitly covered by the juvenile court jurisdiction waiver statute. I.C. § 31–30–1–4(a)(10). Indiana Code section 31–30–1–4(a)(12) explicitly divests the juvenile court of jurisdiction over any offenses joined with the offenses listed in the section. Therefore, Truax argues that because he was charged with dangerous possession of a firearm, section 31–30–1–4 explicitly divested the juvenile court of subject matter jurisdiction. Truax argues, consequently, that the juvenile court could not waive its nonexistent jurisdiction and, as a result, the trial court tried his case and entered judgment without proper jurisdiction.

■ An Indiana circuit court has original jurisdiction in a criminal case unless exclusive jurisdiction is conferred upon another court by law. Ind.Code § 33–28–1–

2. Because section 31–30–1–4 divested the juvenile court of jurisdiction over Truax's case, it would have been fundamental error for the juvenile court *not* to transfer the case to the trial court's criminal docket. *See B.D.T. v. State*, 738 N.E.2d 1066, 1067 (Ind.Ct.App.2000) (finding that the juvenile court's failure to transfer case to criminal docket was fundamental error because B.D.T. was sixteen at the time of the offense and was charged with a crime listed in section 31–30–1–4). Therefore, the trial court had exclusive original jurisdiction over Truax's case, and the juvenile court properly declined to exercise jurisdiction by directing the case to the trial court.

■ Truax also argues that the trial court did not have personal jurisdiction over him. In making this argument, Truax relies on his argument that the trial court lacked subject matter jurisdiction. However, unlike subject matter jurisdiction, a defendant can waive personal jurisdiction by failing to make a timely objection. *M.B. v. State*, 815 N.E.2d 210, 213–14 (Ind.Ct.App.2004). Here, Truax first appeared before the trial court on December 20, 2004, and appeared multiple times before filing a personal jurisdiction objection on March 29, 2005, after the jury for his trial had already been empanelled. Appellant's App. p. 2–7. Truax, therefore, waived this argument by failing to make a timely objection. *See J.R. v. State*, 820 N.E.2d 173, 175–76 (Ind.Ct.App.2005) (holding that defendant submitted himself to the authority of the court by appearing at scheduled proceedings).

### III. Charging Informations

■ Truax argues that the trial court improperly denied his motion to dismiss because the charging informations were defective. Specifically, Truax asserts that the informations violated Indiana Code section 35–34–1–6 because they did not list

the specific elements necessary to constitute the crime of attempted murder, and, therefore, violated Indiana Code section 35–34–1–2(a).

On March 29, 2005, after the jury was empanelled, Truax filed a motion to dismiss pursuant to Indiana Code section 35–34–1–6, alleging that the charging informations were defective. The motion was required to comply with the requirements of Indiana Code section 35–34–1–4, which states that a motion to dismiss under that section shall be made no later than "twenty (20) days [prior to the omnibus date] if the defendant is charged with a felony." In this case, the trial court set the omnibus date for March 10, 2005.[3] Appellant's App. p. 2. Therefore, Truax was required to file a motion to dismiss twenty days prior to that date. Because Truax did not file the motion to dismiss until March 29, 2005—nineteen days *after* the omnibus date—he failed to comply with the statutory requirements and has waived this argument. Failure to make a timely challenge to an allegedly defective charging information results in waiver unless fundamental error has occurred. *Higgins v. State,* 690 N.E.2d 311, 314 (Ind.Ct.App.1997). As in *Higgins,* Truax fails to argue on appeal that the allegedly defective charging informations resulted in fundamental error. *Id.* Therefore, as did the *Higgins* court, we determine that Truax has waived this issue.

Waiver notwithstanding, Truax still would not prevail on appeal because he cannot show fundamental error. To constitute fundamental error, the charging informations must have so prejudiced Truax's rights that a fair trial was impossible. *Krumm v. State,* 793 N.E.2d 1170,

1182 (Ind.Ct.App.2003). The purpose of a charging information is to advise the accused of the particular offense charged so that he can prepare a defense, *Cash v. State,* 557 N.E.2d 1023, 1025 (Ind.1990), and so that he can be protected from being twice placed in jeopardy for the same offense, *Wright v. State,* 658 N.E.2d 563, 565 (Ind.1995). To further these ends, Indiana Code section 35–34–1–2(a)(4) requires that the information be in writing and allege the commission of an offense by "[s]etting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition." The information should state the offense in the language of the statute or in words that convey a similar meaning. *Miller v. State,* 634 N.E.2d 57, 60 (Ind.Ct.App.1994).

Truax argues that the charging informations do "not state the elements necessary to establish the charges of Attempted Murder" because they "merely recite some attempt at statutory language." Appellant's Br. p. 13. Truax does not contend that he was misled by the charging informations, nor does he contend that his defense was in any way affected by their wording. In relevant part, each of the six charging informations stated:

ZACHARIA N. TRUAX ... on or about November 27, 2004, at and in the County of Putnam, State of Indiana, did then and there knowingly and intentionally attempt to kill police officer [name] by shooting a gun at said police officer.

Appellant's App. p. 13, 15, 19, 21, 27, 29. These charging informations adequately apprised Truax of the charges against him so that he could prepare his defense, and they also protect him from being tried for the same offenses again. While Truax de-

---

**3.** The chronological case summary has an entry from "12/20/04" that sets the omnibus date for "March 10, 2004." Appellant's App. p. 2. Because that date is before the events leading to Truax's conviction, we assume that there was a typographical error and that the court meant March 10, 2005.

votes the majority of his argument contending that the charging informations violated the principle of double jeopardy, we find that the charging informations were sufficient because they each contained Truax's name, the location and date of the offense, the offense charged, and the names of the victims. Truax has failed to argue that the charging informations prevented him from knowing the nature of the charges against him and also failed to demonstrate that the charging informations so prejudiced his rights that a fair trial was impossible. Therefore, Truax did not show fundamental error, and his argument must fail.

### IV. Admission of Trooper Sorrells's Negotiation Notes

 Truax next argues that the trial court committed reversible error when, over his objection, it allowed a written police report to be admitted into evidence. Specifically, Truax argues that the police report was inadmissible hearsay that did not fall within one of the exceptions to the hearsay rule.

 The trial court has broad discretion in ruling on the admissibility of evidence. *Lyons v. State*, 735 N.E.2d 1179, 1183 (Ind.Ct.App.2000). We will reverse a trial court's ruling on the admissibility of evidence only when it has been shown that the trial court abused its discretion. *Id.* An abuse of discretion is established when a decision is clearly against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 761 N.E.2d 862, 869 (Ind.Ct.App. 2002). However, any error caused by the admission of evidence is harmless error for which we will not reverse a conviction if

the erroneously-admitted evidence was cumulative of other evidence properly admitted. *Wilhelmus v. State*, 824 N.E.2d 405, 414 (Ind.Ct.App.2005).

 Hearsay is an out-of-court statement offered to prove the truth of the matter asserted, and it is not admissible unless it fits within an exception to the rule. Ind. Evidence Rule 801; *Jennings v. State*, 723 N.E.2d 970, 972–73 (Ind.Ct.App. 2000). The exclusion of hearsay is meant to prevent the introduction of unreliable evidence that cannot be tested through cross-examination. *Serrano v. State*, 808 N.E.2d 724, 727 (Ind.Ct.App.2004), *trans. denied.*

At trial, Truax made a general hearsay objection to the admission of Exhibit 21 and the testimony of Trooper Sorrells concerning the exhibit. Exhibit 21 consists of the notes that Trooper Sorrells wrote while negotiating with Truax during the police standoff. While the trial court did not elaborate upon its reasons for doing so, it overruled Truax's objection after "consider[ing] it at a sidebar" conference. Tr. II p. 15.[4] At trial, Trooper Sorrells was permitted to testify from his notes based on his personal knowledge of the negotiations with Truax. Truax argues that Exhibit 21 is inadmissible hearsay pursuant to Evidence Rule 803(8)(a) because an investigative police report is inadmissible hearsay unless introduced by the defendant. *Tate v. State*, 835 N.E.2d 499, 508–09 (Ind.Ct.App.2005), *trans. denied.*

Even if we assume that Trooper Sorrell's written notes constitute an investigative report and are inadmissible hearsay under Evidence Rule 803(8), it is apparent that the notes are admissible as a present

---

4. The court reporter for the trial court did not consecutively paginate the volumes of the transcripts as required by Indiana Appellate Rule 28(A)(2); therefore, quotations from the transcript are referred to by their volume number and the page number within that volume.

sense impression under Evidence Rule 803(1). Rule 803(1) describes a present sense impression as, "A statement describing or explaining a material event, condition, or transaction, made while the declarant was perceiving the event, condition or transaction, or immediately thereafter." The Rule requires that the statement describe or explain the event or condition during or immediately after its occurrence, and the statement must be based on the declarant's perception of the event. *Jones v. State*, 780 N.E.2d 373, 376–77 (Ind. 2002).

Unlike the written negotiation notes at issue in this case, previous Indiana criminal cases that have held evidence to be admissible under the present sense impression hearsay exception have dealt with *verbal* statements made by a declarant. *See, e.g., id.* at 377; *Taylor v. State*, 710 N.E.2d 921, 923 (Ind.1999). Our Supreme Court has noted that although we are not bound by a federal court's interpretation of the Federal Rules of Evidence, there is a similarity between the Indiana Rules of Evidence and the Federal Rules of Evidence; therefore, federal case law interpreting the Federal Rules of Evidence may be of "some utility." *Doe v. Shults–Lewis Child and Family Servs., Inc.*, 718 N.E.2d 738, 751 (Ind.1999). The Seventh Circuit Court of Appeals has observed that "[a] person writing a report of a contemporaneous event has less time to forget what actually happened or to edit or revise his report of it." *U.S. v. Santos*, 201 F.3d 953, 963–64 (7th Cir.2000); Fed.R.Evid. 803(1) advisory committee's note. The contemporaneous nature of the event and the report makes the report admissible because it is a reliable form of hearsay under Federal Rule 803(1). *Santos*, 201 F.3d at 964.

Here, it is undisputed that Trooper Sorrells wrote the notes during his negotiations with Truax while the police standoff was still ongoing. Trooper Sorrells testified that he took the notes while "writing on a steering wheel of a car and trying to talk on the phone and take notes and do this at the same time so excuse me for any [sloppiness]." Tr. II p. 16. We conclude that the contemporaneous nature of Trooper Sorrells's notes with his telephone negotiations makes the notes admissible as a present sense impression pursuant to Indiana Evidence Rule 803(1). Therefore, we conclude that the trial court did not abuse its discretion by admitting Trooper Sorrell's notes at trial.

*V. Sentencing*

Finally, Truax argues that the trial court erred in imposing his sentence. Specifically, Truax argues that he should not have received an aggregate sentence of forty years because the trial court gave no mitigating weight to his lack of criminal history or his young age.

 Sentencing determinations are within the sound discretion of the trial court, and we will only reverse for an abuse of discretion. *Krumm v. State*, 793 N.E.2d 1170, 1186 (Ind.Ct.App.2003). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* In a sentencing statement, a trial court must identify all significant aggravating and mitigating factors, explain why such factors were found, and balance the factors in arriving at the sentence. *Bryant v. State*, 841 N.E.2d 1154, 1156 (Ind.2006).

Initially, we note that the presumptive sentence for an attempted murder conviction is thirty years, I.C. § 35–50–2–4, and that the trial court imposed the presumptive sentence on all four of Truax's attempted murder convictions. The trial court found no significant aggravating or mitigating factors. It ordered that one of

the sentences run consecutively[5] to the other three and suspended twenty years of the total sentence for an aggregate term of sixty years, twenty suspended.

Truax argues that the trial court should have considered his young age to be a mitigating circumstance. Truax directs us to an opinion in which our Supreme Court holds that "a defendant's youth, although not identified as a statutory mitigating circumstance, is a significant mitigating circumstance in some circumstances." *Brown v. State*, 720 N.E.2d 1157, 1159 (Ind.1999). Based on *Brown*, we find that the trial court erred by not considering Truax's young age to be a mitigating factor at sentencing. Nevertheless, we affirm the trial court's sentence because the error was harmless. *Banks v. State*, 841 N.E.2d 654, 658 (Ind.Ct.App. 2006), *trans. denied*. Our Supreme Court has held that "[i]t is a well established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive or enhanced sentences." *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind.2001). Here, Truax was found guilty of four counts of attempted murder, and the trial court could have found that these multiple victims were an aggravating circumstance sufficient to support an enhanced sentence. Therefore, we find that any error by the trial court in not considering Truax's youth as a mitigating factor was harmless because the trial court could have found Truax's multiple victims to be a valid aggravating factor.

Truax also argues that the trial court should have found his lack of criminal history to be a significant mitigating factor. While a defendant's lack of criminal history is listed as a statutory mitigating factor, the statute explicitly states that the trial court "*may* consider" the listed factors as mitigating circumstances. I.C. § 35–38–1–7.1(b)(6) (emphasis added). Trial courts are not required to give significant weight to a defendant's lack of criminal history, *Stout v. State*, 834 N.E.2d 707, 712 (Ind.Ct.App.2005), and a trial court may properly conclude that a defendant's lack of a criminal record is not entitled to mitigating weight. *Sipple v. State*, 788 N.E.2d 473, 483 (Ind.Ct.App. 2003). Therefore, we conclude that it was within the trial court's discretion to decline to find Truax's lack of criminal history to be a mitigating factor under these circumstances.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.

---

5. On appeal, Truax does not argue that it was improper for the trial court to order one of the sentences to run consecutively to the others.