**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 31 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Offices, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES R. FERGUSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1110-CR-968 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0608-FB-271

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

James R. Ferguson appeals his conviction for Class C felony sexual misconduct with a minor. Ferguson contends that he was erroneously convicted of Class C felony sexual misconduct with a minor, a crime with which he was never charged, because the jury was erroneously instructed that it was a lesser-included offense of Class B felony child molesting. Because Ferguson is the one who tendered the instruction on Class C felony sexual misconduct with a minor and the trial court had subject-matter jurisdiction over this case, we affirm.

## Facts and Procedural History

In June 2006, Detective Mark Cole from the Anderson Police Department became aware of allegations that Ferguson had molested his biological daughter, L.F., in the summer of 1997 at Ferguson's home on Seminole Drive in Anderson. L.F., who was born April 12, 1984, was thirteen years old in the summer of 1997. L.F. told her boyfriend at the time, but nothing was reported to authorities until 2006, at which time Detective Cole spoke with L.F.

The State initially charged Ferguson with Class B felony child molesting and Class B felony incest.

After Ferguson was arrested for child molesting and incest, he called L.F. from jail in an effort to discourage her from testifying against him and even to change her story about what had happened. Ferguson's phone calls made it more difficult for L.F. to come to court and testify against him.

The State added counts of repeat sexual offender and Class D felony attempted obstruction of justice against Ferguson.

At trial in May 2008, L.F. was twenty-four years old. L.F. testified that during "the warm weather months of 1997," while Ferguson was living on Seminole Drive, he began rubbing her feet; Ferguson then touched her underneath her "panties" and proceeded to put his finger inside her labia near her vaginal opening. Tr. p. 42, 43-45. Ferguson, however, presented evidence that he lived on Seminole Drive no earlier than 1998, when L.F. would have been fourteen years old. *Id.* at 142-43, 145-46; *see also id.* at 149-51 (testimony that he lived there in 2001).

During the final-instruction conference, Ferguson himself tendered a jury instruction on Class C felony sexual misconduct with a minor as a lesser-included offense of Class B felony child molesting. *Id.* at 171-76. Sexual misconduct with a minor requires the victim to be fourteen or fifteen years old—not under fourteen years old like child molesting. *Compare* Ind. Code § 35-42-4-9 *with* Ind. Code § 35-42-4-3. The trial court gave the jury the sexual-misconduct-with-a-minor instruction. Tr. p. 200.

The jury found Ferguson guilty of Class C felony sexual misconduct with a minor as a lesser-included offense of Class B felony child molesting, not guilty of Class B felony incest, and guilty of Class D felony attempted obstruction of justice. In a bifurcated proceeding, Ferguson pled guilty to the repeat sexual offender charge. The trial court sentenced Ferguson to an aggregate term of fourteen years. Ferguson did not object when the trial court entered judgment of conviction and sentenced him for Class C felony sexual misconduct with a minor.

Ferguson was later resentenced to an aggregate term of ten years.[1]  Appellant's App. p. 129.

Ferguson now appeals his conviction for Class C felony sexual misconduct with a minor.

**Discussion and Decision**

Ferguson contends that he was erroneously convicted of Class C felony sexual misconduct with a minor, a crime with which he was never charged, because the jury was erroneously instructed that it was a lesser-included offense of Class B felony child molesting.  The State responds that Ferguson has waived this claim because Ferguson is the one who tendered the instruction.

The record shows that the trial court instructed the jury that Class C felony sexual misconduct with a minor was a lesser-included offense of Class B felony child molesting and that the jury could convict Ferguson of the lesser-included offense if it did not find that Ferguson committed the greater offense.  Tr. p. 200.  Ferguson did not object.  In fact, Ferguson invited this error by tendering the instruction for Class C felony sexual misconduct with a minor and then arguing to a skeptical trial court that Class C felony sexual misconduct with a minor was, in fact, "a lesser-included of the B Felony Child Molest."[2]  *Id.* at 175 (trial court noting, "You think that's right?").  Not only does the

---

[1] Ferguson appealed but then pursued a *Davis-Hatton* procedure, where the appeal was dismissed without prejudice so that he could seek post-conviction relief.  Ferguson was successful on post-conviction because his repeat sexual offender enhancement was vacated, shaving four years off his sentence.

[2] The State does not argue on appeal that Class C felony sexual misconduct with a minor is a lesser-included offense of Class B felony child molesting, and for purposes of this appeal we presume that it is not.

failure to object to an instruction waive any challenge to that instruction on appeal, *Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011), *reh'g denied*, but more significantly it is well-settled law that a party may not invite error and then later argue that the error supports reversal, *Dumas v. State*, 803 N.E.2d 1113, 1121 (Ind. 2004). Because Ferguson is the one who tendered the instruction on Class C felony sexual misconduct with a minor as a lesser-included offense of Class B felony child molesting, he may not have his conviction reversed based on the very instruction that he wanted the jury to receive.

In an apparent effort to avoid waiver, Ferguson argues that the trial court lacked subject-matter jurisdiction, which cannot be waived, because he was never charged with Class C felony sexual misconduct with a minor. Subject-matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006). Subject-matter jurisdiction must be derived from the constitution or statutes and cannot be conferred by the consent or agreement of the parties. *Truax v. State*, 856 N.E.2d 116, 122 (Ind. Ct. App. 2006).

In Indiana, circuit courts have original and concurrent jurisdiction in criminal cases. Ind. Code § 33-28-1-2(a)(1).[3] Sexual misconduct with a minor is a felony and therefore a criminal case. Accordingly, Madison Circuit Court had subject-matter jurisdiction over this criminal case. We therefore affirm Ferguson's conviction for Class C felony sexual misconduct with a minor.

---

[3] When Ferguson was charged and convicted, the trial court was called Madison Superior Court 1. Now, however, the court is called Madison Circuit Court 6. *See* Ind. Code § 33-33-48-12 (noting that Madison circuit court is a court of general jurisdiction with six judges) (eff. July 1, 2011). This does not matter because standard superior courts also have original and concurrent jurisdiction in criminal cases. *See* Ind. Code § 33-29-1-1.5(1).

Affirmed.

MATHIAS, J., and BARNES, J., concur.