**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 14 2013, 8:17 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN FRANK MINTER-BEY III**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN F. MINTER-BEY III, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1205-PC-269 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0706-PC-102193

**March 14, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant-petitioner John F. Minter-Bey, is appealing the denial of his petition for post-conviction relief. Although Minter-Bey initially raised the issues of ineffective assistance of trial and appellate counsel claims in his request for relief, he argued only jurisdictional issues at the evidentiary hearing. Minter-Bey claims that he was not an American citizen and, therefore, the trial court lacked jurisdiction to bring criminal charges against him. However, Minter-Bey failed to present evidence and/or make a cogent argument in support of his contention. Thus, he has waived the issue. Moreover, Minter-Bey's jurisdictional claims fail on the merits. As a result, we conclude that the post-conviction court properly denied Minter-Bey's petition for post-conviction relief.

FACTS

Minter-Bey was convicted of dealing in cocaine, a class A felony, possession of cocaine and a firearm as a class C felony, and possession of a firearm by a serious violent felon, a class B felony, in September 2009. Thereafter, the trial court sentenced Minter-Bey to concurrent terms of forty years for dealing in cocaine, ten years for possession of cocaine and a firearm, and four years for possession of a firearm by a serious violent felon. We subsequently affirmed Minter-Bey's conviction on direct appeal in an unpublished memorandum decision. Minter-Bey v. State, No. 49G20-0706-FA-102193 (Ind. Ct. App. Nov. 12, 2010).

On July 18, 2011, Minter-Bey filed his petition for post-conviction relief claiming, among other things, that both trial and appellate counsel were ineffective. Minter-Bey

2

also challenged the trial court's subject matter jurisdiction and personal jurisdiction based on his status as a "Moorish American National." Tr. p. 9, 12-13. Following an evidentiary hearing on March 16, 2012, the post-conviction court denied Minter-Bey's request for relief. The post-conviction court determined, among other things, that Minter-Bey's freestanding jurisdiction claim "covering all bases with scattered references to jurisdiction over subject matter, the case and his person" was waived, but Minter-Bey was entitled to raise jurisdiction as part of his ineffective assistance of counsel claim. Appellant's App. p. 250. The post-conviction court observed that Minter-Bey failed to offer any supporting evidence in support of his claims and thus "failed to show that the trial court did not have jurisdiction." Appellant's App. p. 250. Minter-Bey now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

In a post-conviction proceeding, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Wesley v. State, 788 N.E.2d 1247, 1250 (Ind. 2003). When challenging the denial of post-conviction relief, the petitioner appeals a negative judgment, and in doing so faces a rigorous standard of review. Id. To prevail, the petitioner must convince this court that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. Id. We will disturb the post-conviction court's decision only where the evidence is without conflict and leads to but one conclusion and the post-conviction court reached the opposite conclusion. Id.

Here, the post-conviction court entered findings of fact and conclusions of law in accordance with Ind. Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, a post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. Overstreet v. State, 877 N.E.2d 144, 151 (Ind. 2007).

## II. Minter-Bey's Claims—Jurisdictional Issues

Minter-Bey asserts that his petition for post-conviction relief should have been granted because he demonstrated that our courts were without subject matter and personal jurisdiction and had no authority to hear this case. More particularly, Minter-Bey asserts that the trial court had no authority to bring any charges against him and enter a judgment because he was "a non-corporate natural being." Appellant's Br. p. 5.

In resolving this issue, we initially observe that "subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). In accordance with Indiana Code section 33-29-1-1.5, our Superior Courts have "original and concurrent jurisdiction in all civil cases and in all criminal cases." Thus, contrary to Minter-Bey's contention, the trial court had subject matter jurisdiction over the criminal charges that the State brought against him.

With regard to personal jurisdiction, we note that such claims are waived if they are not asserted in a timely manner. Truax v. State, 856 N.E.2d 116, 121-22 (Ind. Ct.

4

App. 2006). Here, Minter-Bey did not raise the issue of personal jurisdiction prior to collateral review. Thus, his personal jurisdiction challenge is waived. See Marshall v. Erie Ins. Exch., 923 N.E.2d 18, 23 (Ind. Ct. App. 2010) (observing that when a party appeared and participated in the proceedings, the trial court had personal jurisdiction over that party).

Waiver notwithstanding, we note that Minter-Bey relies on the case of Dred Scott v. Sandford, 60 U.S. 393, 403-04 (1856), for the proposition that the trial court lacked personal jurisdiction over him because, "as a person of African lineage, he is not a citizen of the United States." Appellant's Br. p. 5-6. However, the Fourteenth Amendment to the United States Constitution provides that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." Moreover, the Fourteenth Amendment overturned the Dred Scott decision and made "all persons born within the United States and subject to its jurisdiction citizens of the United States." Slaughter-House Cases, 83 U.S. 36, 73 (1873). In short, Minter-Bey has failed to show that he is not a citizen of the United States, and we reject his claim that the trial court lacked personal jurisdiction over him.

Finally, we reject Minter-Bey's contention that his status as a "Moorish American National" removes him from the trial court's jurisdiction because he is a "non-corporate being." Appellant's Br. p. 8. Minter-Bey fails to support his argument with citation to any relevant case law. Thus, he has waived the issue. See Bonner v. State, 776 N.E.2d 1244, 1247 n.3 (Ind. Ct. App. 2002) (observing that a party waives an issue on appeal

5

where a cogent argument is not developed, citation to authority is not provided, and there is not adequate citation to the relevant portions of the record); Ind. Appellate Rule 46(A)(8).

Even if Minter-Bey had not waived the issue, the State retains sovereign powers in accordance with the Tenth Amendment to the United States Constitution, which provides that "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people." Minter-Bey's argument is wholly inconsistent with this provision. In short, Minter-Bey's jurisdictional challenges fail, and we conclude that the post-conviction court properly denied his request for relief.

The judgment of the post-conviction court is affirmed.

RILEY, J., and BARNES, J., concur.