# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2017, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corey G. Brown,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 27, 2017<br><br>Court of Appeals Case No.<br>49A02-1604-CR-774<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Ronnie Huerta, Commissioner<br><br>Trial Court Cause No.<br>49G19-1512-CM-45735 |

**May, Judge.**

[1] Corey G. Brown challenges his conviction of Class A misdemeanor resisting law enforcement.[1] He notes the charging information and sentencing order reference Indiana Code Section 35-44.1-1-3(a)(2), and he argues the evidence presented did not prove the elements in that subsection. As the language in the charging information put Brown on notice the State was alleging resisting law enforcement as defined in Indiana Code Section 35-44.1-1-3(a)(1), and as the State presented evidence to prove all the elements thereof, we affirm but remand for the trial court to correct the clerical errors.

## Facts and Procedural History

[2] On December 24, 2015, Indianapolis Metropolitan Police Department Officer Shawn Smith was called to a Speedway station regarding a disturbance with a customer. En route, Officer Smith received a report the customer had left the Speedway premises and was headed west on foot. The description of the customer was a black male in black clothes with yellow gloves.[2]

[3] Officer Smith located a man matching the description. The man, later identified as Brown, began cursing when Officer Smith approached him. Brown would not stop walking when Officer Smith ordered him to stop. Brown testified, "police are always fucking with me. You don't have to - - - you

---

[1] Ind. Code § 35-44.1-3-1 (2014).

[2] Officer Smith testified the gloves were "rubber style yellow gloves like cleaning gloves." (Tr. at 8.)

don't have any reason to stop me." (Tr. at 9.) Officer Smith told Brown to stand by the police car so Officer Smith could conduct a pat down. Brown put his hands in his pockets, so Officer Smith pulled Brown's hands behind his back in an attempt to handcuff Brown, but Brown began to physically resist. Brown "clenched his fists and stared [sic] to pull his arms back down to his side and back around the front of him[.]" (*Id*. at 16.) Brown began "pulling and walking away." (*Id*. at 17.) As they struggled, Officer Smith and Brown ended up on the ground in the street. Officer Smith, with the assistance of another officer, was then able to subdue Brown.

[4] The State charged Brown with Class A misdemeanor resisting law enforcement, Class B misdemeanor battery,[3] and Class B misdemeanor battery by bodily waste.[4] On March 17, 2016, the State dismissed the battery charges. At a bench trial, Brown made a Trial Rule 41(B) motion to dismiss because the officer's attempts to handcuff Brown "went beyond the scope of the officer's lawful duty." (*Id*. at 31.) The trial court denied the motion, finding it was "a good stop." (*Id*. at 34.) Brown was found guilty of resisting law enforcement and sentenced to 180 days.

# Discussion and Decision

---

[3] Ind. Code § 35-42-2-1(b)(1) (2014).

[4] Ind. Code § 35-42-2-1(b)(2) (2014).

[5]     Brown claims the State did not present sufficient evidence to prove Indiana Code Section 35-44.1-3-1(a)(2). We agree.[5] However, that is not the end of our analysis. As the State points out, the reference to subsection (a)(2) in the charging information and the sentencing order appear to have been a scrivener's error.

[6]     The resisting law enforcement statute states:

>    A person who knowingly or intentionally:
>
>>       (1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties;
>>
>>       (2) forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court; or
>>
>>       (3) flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop;
>
>    commits resisting law enforcement, a Class A misdemeanor[.]

---

[5] As Brown notes, subsection (a)(2) criminalizes interference with process servers. As Officer Smith was not a process server, Brown is correct the evidence did not prove he had resisted service of process or a court order.

Ind. Code § 35-44.1-3-1 (2014).

[7] The language used to charge Brown with resisting law enforcement states:

> On or about December 24, 2015, COREY GILBERT BROWN did knowingly or intentionally forcibly resist the authorized lawful duties and service of Officer Shawn Smith, IMPD, while said Officer was engaged in his lawful duties, by twisting and pulling arms away from restraint[.]

(App. Vol. II at 19.) That charging information cites "I.C. 35-44.1-3-1(a)(2)." (*Id.*)

[8] Brown notes the charging language contains the words "authorized" and "service" as in subsection (a)(2). However, it also contains the words "engaged in" and "duties" from subsection (a)(1) and, more importantly, does not reference the words "process" or "order" as required for subsection (a)(2). The charging information states Brown twisted and pulled his arms away to forcibly resist a law enforcement officer doing his duties. Although the State cited subsection (a)(2) in the charging information the charging language tracks subsection (a)(1).

[9] Be that as it may, Brown cannot be convicted of a crime without notice of the charge. I.C. § 35-34-1-2(a)(4). "Clear notice serves the dual purposes of allowing an accused to prepare his defense and of protecting him from being placed twice in jeopardy for the same offense." *Wright v. State*, 658 N.E.2d 563, 565 (Ind. 1995). Thus, the information is to be "in writing and allege the commission of an offense by . . . setting forth the nature and elements of the

offense charged in plain and concise language without unnecessary repetition." Ind. Code § 35-34-1-2(a)(4). The information is to "state the offense in the language of the statute or in words that convey a similar meaning." *Truax v. State*, 856 N.E.2d 116, 123 (Ind. Ct. App. 2006). "Defects or imperfections in a charging instrument are grounds for reversal only where they prejudice the substantial rights of the defendant." *Alvers v. State*, 489 N.E.2d 83, 86 (Ind. Ct. App. 1986), *reh'g denied, trans. denied.*

[10] At trial, Brown did not contend he was confused or misled about the charge against him. In fact, at the end of the State's evidence, Brown asserted a Trial Rule 41(B) motion to have the charges dismissed on the basis that Officer Smith's actions "went beyond the scope of the officer's lawful duty," (Tr. at 31), and that element of resisting law enforcement exists only in the subsection (a)(1) definition. Thus, although the State cited the wrong statute in the information, Brown had notice of the crime alleged so that he could prepare his defense, and we find no reversible error. *See Hestand v. State*, 491 N.E.2d 976, 980 (Ind. 1986) (no error when citation incorrect but information language adequately informed defendant of the charges). As the State proved the elements of resisting law enforcement as charged,[6] we affirm Brown's conviction.

---

[6] Brown does not challenge the sufficiency of the evidence to prove he resisted law enforcement as charged. Officer Smith testified Brown had "clenched his fists and stared [sic] to pull his arms back down to his side and back around the front of him as [Officer Smith] was trying to pull them behind his back." (Tr. at 16.) Brown continued to "pull[] and walk[] away," (*id.* at 17), resulting in the two men ending up in "the middle

# Conclusion

As the language in the charging information put Brown on notice he was being charged under Indiana Code Section 35-44.1-1-3(a)(1), we find no error in his conviction. However, we remand for the trial court to correct the sentencing order to indicate the proper statutory citation. *See Willey v. State*, 712 N.E.2d 434, 446 (Ind. 1999) (remanding to trial court "for correction of the clerical errors"). Accordingly, we affirm and remand.

Affirmed and remanded.


Najam, J., and Bailey, J., concur.

---

of the street." (*Id.*) This evidence was sufficient to prove the crime alleged in the charging information. *See, e.g.*, *Johnson v. State*, 833 N.E.2d 516, 518 (Ind. Ct. App. 2005) ("turning away and pushing away" sufficient evidence to prove Johnson resisted law enforcement).