**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0644n.06

No. 16-3987

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 21, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN ROE; JANE ROE, | ) | |
| | ) | |
| **Plaintiffs-Appellants,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| AMAZON.COM; BARNES & NOBLE | ) | DISTRICT OF OHIO |
| BOOKSELLERS, INCORPORATED; | ) | |
| SMASHWORDS, INC., | ) | **OPINION** |
| | ) | |
| **Defendants-Appellees,** | ) | |
| | ) | |
| APPLE INC., et al., | ) | |
| | ) | |
| **Defendants.** | | |

BEFORE: NORRIS, SUHRHEINRICH, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Plaintiffs John and Jane Roe sued an individual author along with Amazon.com, Barnes & Noble Booksellers, Inc., and Smashwords, Inc. (the "Corporate Defendants") over a book that used a picture of the plaintiffs on the cover without their permission. The plaintiffs now appeal the district court's grant of summary judgment in favor of the Corporate Defendants. For the reasons that follow, we affirm the judgment of the district court.

**I.**

In December 2014, Greg McKenna[1] authored *A Gronking to Remember* ("*Gronking*") and published it under the pseudonym Lacey Noonan. *Gronking* is a fictional work of erotica and satire featuring "the make-believe exploits of a married woman who becomes fascinated with New England Patriots football player Rob Gronkowski." According to plaintiffs, *Gronking* "is less than tasteful and is offensive."

To create part of the cover for *Gronking*, McKenna downloaded a photograph of the plaintiffs embracing he found on the internet. This photograph was taken to commemorate the plaintiffs' engagement and was placed on the photographer's website with the plaintiffs' permission. The plaintiffs did not give McKenna permission to use their photograph and received no compensation from him.

McKenna decided to self-publish *Gronking* through several online services, including Smashwords, Inc., Kindle Direct Publishing ("KDP"), CreateSpace, and NOOK Press. Smashwords purports to be the largest distributor of self-published electronic books ("e-books") in the world. KDP and CreateSpace are self-publishing services provided by Amazon.com, Inc., to create e-books and books in print. NOOK Press is an e-book platform offered by Barnes & Noble, Inc. Smashwords, KDP, CreateSpace, and NOOK Press played no role in creating, designing, or editing the cover of *Gronking*.

In order to self-publish his book through these companies' platforms, McKenna had to agree to their various terms of service. Smashwords required that McKenna warrant that his book did not "violate any right of privacy which is libelous or violate any personal right or other right of any kind of any person or entity." To utilize KDP and CreateSpace, McKenna had to represent

---

[1] McKenna's motion for judgment on the pleadings was denied by the district court and the claims against him are still pending. He is not a party to this appeal. [Page ID 993-98.]

to Amazon that he had all the necessary legal rights to his book, including the cover. McKenna had to make similar representations to Barnes & Noble. McKenna acknowledged making these warranties and representations to the Corporate Defendants.

*Gronking* received media coverage in connection with Gronkowski's participation in the 2015 Super Bowl. The cover of *Gronking*, which included the plaintiffs' photograph, was displayed on *The Tonight Show*, *Jimmy Kimmel Live*, and at media day for the Super Bowl. The attention given to the book by the national media appears to be how the plaintiffs became aware that their picture was used on the cover of *Gronking*.

Following this media exposure, the plaintiffs filed a lawsuit against the Corporate Defendants and McKenna in the Common Pleas Court of Miami County, Ohio, which was later removed to the United States District Court for the Southern District of Ohio based on diversity of citizenship jurisdiction. McKenna filed a motion for judgment on the pleadings, and the Corporate Defendants filed a motion for summary judgment. The district court denied McKenna's motion but granted summary judgment in favor of the Corporate Defendants. *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1035, 1040 (S.D. Ohio 2016).

This appeal followed.

## II.

We review a grant of summary judgment de novo. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014). Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, courts consider the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The focus of the summary judgment inquiry is whether

the party bearing the burden of proof has presented a jury question as to each element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In its opinion, the district court emphasized the difference between "publishers" and "distributors," holding that the Corporate Defendants were distributors broadly protected by the First Amendment because their self-publishing services were the "next logical step after the photocopier." *Amazon.com*, 170 F. Supp. 3d at 1038-40. The district court held that "[s]tates may not impose criminal or civil liability against booksellers or other distributors for distribution where the distributor neither knew nor had any reason to know of alleged wrongdoing pertaining to specific content." *Id.* at 1040 (citing *Smith v. California*, 361 U.S. 147, 153 (1959)). We question the district court's First Amendment analysis. However, because the record cannot support a finding of liability on the part of the Corporate Defendants, the grant of summary judgment was proper and we not address that issue.

In their complaint, plaintiffs assert three claims against the defendants: wrongful appropriation of their persona in violation of Ohio Revised Code § 2741 (right of publicity), invasion of privacy by means of appropriation (common-law right of publicity), and the privacy tort of false light.

Under Ohio's right of publicity statute, "a person shall not use any aspect of an individual's persona for a commercial purpose." *See* Ohio Rev. Code Ann. § 2741.02(A). Persona means "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, *if any of these aspects have commercial value*." Ohio Rev. Code Ann.

§ 2741.01(A) (emphasis added). While plaintiffs need not be national celebrities to assert a right of publicity claim, they must at least "demonstrate that there is value in associating an item of commerce with [their] identity." *Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 624 (6th Cir. 2000); *see also McFarland v. Miller*, 14 F.3d 912, 919-20 (3d Cir. 1994) (stating that the right of publicity is worthless without association).

Similarly, a defendant is subject to liability under the Ohio common-law right of publicity tort when he "appropriates to his own use or benefit the name or likeness of another." *Zacchini v. Scripps-Howard Broad. Co.*, 351 N.E.2d 454, ¶ 1 of syllabus (Ohio 1976), *rev'd on other grounds*, 433 U.S. 562 (1977). Again, plaintiffs must demonstrate that their name or likeness has value, *Id.* at 458 n.4; *see also James v. Bob Ross Buick, Inc.*, 855 N.E.2d 119, 123 (Ohio Ct. App. 2006) ("It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other value associated with the name or the likeness that the right of privacy is invaded."). The mere incidental use of a person's name or likeness is not actionable in an appropriation claim. *Vinci v. Am. Can Co.*, 591 N.E.2d 793, 794 (Ohio Ct. App. 1990) (per curiam).

Finally, while it is questionable whether the Roes alleged a false light invasion of privacy tort under Ohio law, we will assume that they did so for purposes of this appeal. Under false light, "one who gives publicity to a matter concerning another that places the other before the public in a false light" is liable if "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Welling v. Weinfeld*, 866 N.E.2d 1051, 1059 (Ohio 2007).

After a careful review of the record, viewing all facts in the light most favorable to the plaintiffs, we conclude that the plaintiffs have not offered any facts to support a finding of liability on the part of the Corporate Defendants. The Roes do not argue, and there is no summary judgment evidence in the record to suggest, that there was any commercial value in associating their likeness with the Corporate Defendants. At most, plaintiffs attempted to show that the association between the Roes' image and the Corporate Defendants is incidental, which is not enough. *Vinci*, 591 N.E.2d at 794. Further, plaintiffs have offered no summary judgment evidence tending to show that the Corporate Defendants knew or had reason to know that McKenna was using their photograph without permission. Plaintiffs contend that the Corporate Defendants should have inquired as to whether McKenna owned the rights to the photo. But they did. In one form or another, each of the Corporate Defendants required that McKenna represent and warrant that his book did not violate the legal rights of others. Therefore, a jury could not reasonably find liability, and the district court's grant of summary judgment was proper.

## III.

For the reasons above, the judgment of the district court is **affirmed**.