NOT RECOMMENDED FOR PUBLICATION

File Name: 25a0014n.06

Case No. 23-3998

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CHARISMA HUDSON and BRIAN
SCHAEFER, Ohio citizens, individually and as
the representatives of a class of similarly
situated persons,

      Plaintiffs-Appellants,

v.

DATANYZE, LLC, a Delaware limited
liability company,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 13, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

OPINION

Before:  SILER, GRIFFIN, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.**  Datanyze, LLC created digital profiles of over 100 million individuals, including Plaintiffs Charisma Hudson and Brian Schaefer.  Datanyze then allowed their prospective customers to access the profiles, including Plaintiffs', via a free trial to its online database.  Plaintiffs brought a putative class action asserting that Datanyze violated their publicity rights under Ohio law by using their identities to solicit paid subscriptions to its database.  The district court dismissed Plaintiffs' complaint.  We affirm.

**I.**

Datanyze operates a digital database for users in sales, marketing, and recruiting to search and obtain contact and other information (both business and personal) of professional prospects. Datanyze's database contains over 120 million profiles, "with 84 million email addresses and 63

million direct dial numbers," and is accessible through its website or a Google Chrome extension. R. 1, PageID 5. The extension works in conjunction with LinkedIn, the world's largest online professional network. Datanyze uses a "credits" system where a user can spend a credit to access a single profile on its platform. *Id.* at 6. Datanyze offers a 90-day free trial period, during which prospective customers receive 10 credits each month. After the trial ends or a customer expends all the credits, the customer must obtain a paid subscription to view additional profiles. A person cannot access Datanyze's database without a paid subscription or free trial.

Hudson's and Schaeffer's profiles appear in Datanyze's database, are accessible (and were accessed) through Datanyze's free trial, and contain information beyond what LinkedIn provides. Plaintiffs did not consent to Datanyze using their information, nor did the parties have a prior relationship with Datanyze. Hudson's profile includes her name, business and personal emails, and cellular and work telephone numbers; Shaefer's profile includes his name, personal email, and work telephone number. Plaintiffs allege that Datanyze caused them injury when it used their names and likenesses to solicit paid subscriptions through its free trial offering.

Plaintiffs filed a putative class-action lawsuit on behalf of themselves and similarly situated Ohio residents. They claim that Datanyze's actions: (1) violate the Ohio Right of Publicity Statute ("ORPS"), Ohio Revised Code Ann. §§ 2741.01–09, and (2) subject it to liability for the common-law tort of invasion of privacy by appropriation. The district court granted Datanyze's motion to dismiss Plaintiffs' complaint. *Hudson v. Datanyze, LLC*, 702 F. Supp. 3d 628 (N.D. Ohio 2023). Plaintiffs timely appealed.

## II.

We review the district court's decision to grant a motion to dismiss de novo. *Lindke v. Tomlinson*, 31 F.4th 487, 495 (6th Cir. 2022). "We may affirm the district court's dismissal of the

plaintiff's claims on any grounds present in the record, including grounds not relied upon by the district court." *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 864 F.3d 455, 458 (6th Cir. 2017) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a plaintiff has stated a plausible claim for relief, we "must accept any factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) (citation omitted). "But we need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Willman v. Att'y Gen. of the U.S.*, 972 F.3d 819, 823 (6th Cir. 2020) (brackets and internal quotation marks omitted). And a pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The parties agree that Plaintiffs' claims are governed by Ohio law. *See Baker Hughes Inc. v. S&S Chem., LLC*, 836 F.3d 554, 560 (6th Cir. 2016).

**III.**

Plaintiffs contend that Datanyze violated the ORPS and committed the common-law tort of invasion of privacy by appropriation. Both causes of action protect Ohio citizens' right of publicity.

In 1999, the Ohio legislature codified a cause of action to protect Ohio citizens' right of publicity in the ORPS. That law defines "right of publicity" as "the property right in an individual's persona to use the individual's persona for a commercial purpose." Ohio Rev. Code Ann. § 2741.01(D). The ORPS prohibits a person from "us[ing] any aspect of an individual's

persona for a commercial purpose." *Id.* § 2741.02(A). This includes "using a persona in connection with a product, advertising a product, or soliciting the purchase of a product." *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 450 (6th Cir. 2021) (citing Ohio Rev. Code Ann. §§ 2741.01(B), 2741.02(A)). Persona includes "an individual's name" or "likeness," if the name or likeness has "commercial value." Ohio Rev. Code Ann. § 2741.01(A). Potential remedies for a violation of the ORPS include actual damages, statutory damages, punitive damages, and injunctive relief. *Id.* § 2741.07(A), (D). And the remedies provided by the ORPS "are in addition to any other remedies provided by state . . . common law." *Id.* § 2741.08.

Ohio courts also recognize a common-law right of publicity. *Zacchini v. Scripps-Howard Broad. Co.*, 351 N.E.2d 454, 458–60 (Ohio 1976), *rev'd on other grounds*, 433 U.S. 562 (1977). A violation of this common-law right constitutes the tort of invasion of privacy by appropriation. To establish a claim for invasion of privacy by appropriation, a plaintiff must show "appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Retuerto v. Berea Moving Storage & Logistics*, 38 N.E.3d 392, 406 (Ohio Ct. App. 2015) (citation omitted). Like an ORPS claim, "plaintiffs must demonstrate that their name or likeness has value." *Roe v. Amazon.com*, 714 F. App'x 565, 568 (6th Cir. 2017) (citing *Zacchini*, 351 N.E.2d at 458 n.4). That is so because "[i]t is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded." *Zacchini*, 351 N.E.2d at 458 n.4 (quotation omitted).

As mentioned above, Plaintiffs must establish that their names or likenesses have commercial value to succeed on their claims. "While plaintiffs need not be national celebrities to assert a right of publicity claim, they must at least 'demonstrate that there is value in associating an item of commerce with [their] identity.'" *Roe*, 714 F. App'x at 568 (alteration in original)

(quoting *Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 624 (6th Cir. 2000)). Two considerations help establish the commercial value of a name or likeness: "(1) the distinctiveness of the identity and . . . (2) the degree of recognition of the person among those receiving the publicity." *Harvey v. Sys. Effect, LLC*, 154 N.E.3d 293, 306 (Ohio Ct. App. 2020) (quotation omitted).

Plaintiffs purport to allege facts showing the commercial value of their names and likenesses in two ways. First, they allege that they "ha[ve] intellectual property and privacy interests" in their names and likenesses. R. 1, PageID 8, 10. Second, Plaintiffs allege that they "have been denied the commercial value" of their names and likenesses. *Id.* at 14. These cursory allegations are insufficient to show that Plaintiffs' names or likenesses have commercial value. Thus, they have not stated plausible claims for violation of the ORPS or for invasion of privacy by appropriation.

Consider the allegation about Plaintiffs' intellectual property and privacy interests. The complaint mentions nothing about the distinctiveness of Plaintiffs' identities. *See Harvey*, 154 N.E.3d at 306. Nor does the complaint explain how Plaintiffs received more recognition than others receiving publicity. *See id.* Additionally, Plaintiffs do not allege that their names and likenesses were particularly valuable or recognizable to Datanyze's targeted customers—business recruiters, salespersons, and marketers. At most, Plaintiffs allege that they have LinkedIn profiles, but we cannot reasonably infer that the existence of such profiles, without any elucidating factual allegations, shows that Datanyze's prospective customers value Plaintiffs' names or likenesses.

Plaintiffs' allegation that Datanyze has denied them the commercial value of their names and likenesses fares no better. This allegation is merely an "unadorned, the-defendant-unlawfully-

harmed-me accusation" that does not suffice to plausibly state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiffs argue that Datanyze's misappropriation of their names or likenesses to solicit paid subscriptions, in and of itself, demonstrates commercial value. Neither Ohio courts, nor this court when applying Ohio law, have endorsed this theory. For instance, in *Roe*, the plaintiffs brought ORPS and invasion-of-privacy claims against an author and the distributors of a book that featured the plaintiffs on the cover. 714 F. App'x at 566–67. We upheld the grant of summary judgment to the distributors because the plaintiff could not show "that there was any commercial value in associating their likeness with" those defendants. *Id.* at 569. And in *Harvey*, the plaintiff sued after learning that the defendants referenced her in a slideshow for a continuing-education class for realtors. 154 N.E.3d at 298–99. The plaintiff's ORPS and invasion-of-privacy claims failed, in part, because she did not show any commercial value in her name. *Id.* at 306.

Moreover, Plaintiffs do not allege that Datanyze curated and delivered, or otherwise highlighted, Plaintiffs' profiles to potential customers. Nor do Plaintiffs allege their profiles were specially maintained. Thus, without any allegation to indicate that Datanyze did anything more than treat Plaintiffs' profiles like the millions of others in its database, there is no way for us to infer that Plaintiffs' names or likenesses have commercial value. "[O]ne's name and appearance, in and of themselves, are not private and, therefore, may be brought before the public." *Imperial Aviation Servs. LLC v. Ohio State Univ.*, __ N.E.3d __, 2024 WL 3897791, at *7 (Ohio Ct. App. 2024) (quotation omitted).

Finally, Plaintiffs assert that the profiles in the database, and in turn their names and likenesses, have commercial value because Datanyze sells subscriptions to its database. But no

allegations in the complaint permit a reasonable inference that Plaintiffs' names and likenesses had commercial value before or after their appropriation.

## IV.

For these reasons, we **AFFIRM** the district court's judgment.